IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DELERA CUMBIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04cv379-MHT |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Delera Cumbie (Cumbie) applied for Disability Insurance Benefits and

supplemental security income alleging he was unable to work because of a disability.  On

29 March 2005, the District Court ordered this case remanded to the Commissioner of

Social Security to supplement the record.  See Doc. #19.  On 13 April 2005, Defendant

filed a supplemental record.  (Doc. #20).  On 18 January 2008, Plaintiff filed a motion to

reopen the case.  (Doc. #21).  On 18 January 2008, this case was referred to the

undersigned for recommendation.  (Doc. #24).

For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS

the Court AFFIRM the Commissioner's decision.

**I.      INTRODUCTION**

Cumbie applied for disability insurance benefits pursuant to Title II of the Social

Security Act, 42 U.S.C. § 401 *et seq.* (2000) and for supplemental security income

benefits under Title XVI, 42 U.S.C § 1381 *et seq.* (hereinafter collectively the Act).

Cumbie's application was denied at the initial administrative level.  Cumbie then

requested and received a hearing before an Administrative Law Judge (ALJ).  Following

the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent

request for review.  The ALJ's decision consequently became the final decision of the

Commissioner of Social Security (Commissioner).[1]  See Chester v. Bowen, 792 F.2d 129,

131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. §

405(g).

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous
> period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five step, sequential

evaluation process.  See 20 C.F.R. §§ 404.1520, 416.920 (2003).

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of
1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and
Human Services with respect to Social Security matters were transferred to the
Commissioner of Social Security.

[2]A "physical or mental impairment" is one resulting from anatomical,
physiological, or psychological abnormalities which are demonstrable by medically
acceptable clinical and laboratory diagnostic techniques.

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).

---

[3]McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. See, e.g., Ware v. Schweiker, 651 F.2d 408 (5th Cir. 1981) (Unit A).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ISSUES

### A.   *Introduction*

Cumbie was fifty-two years old and had completed the twelfth grade at the time of the hearing before the ALJ.  (Tr. 192-93).  Cumbie's prior work experience included employment as tub repairer, detailer, and machine operator.  (Tr. 276-77).

Employing the five step process, the ALJ found Cumbie had not engaged in substantial gainful activity at any time relevant to the decision (Step 1).  (Tr. 14).  At Step 2, the ALJ found Cumbie suffered from the following severe impairments: atherosclerotic heart disease;  angina;  lumbar disc disease;  chronic obstructive pulmonary disease;  and ureteral stone.  (Tr. 17).  Nonetheless, the ALJ found Cumbie did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments (Step 3).  (Tr. 19).  At Step 4, the ALJ determined Cumbie did not possess the residual functional capacity (RFC) to perform any relevant past work.  (Tr. 21).

At Step Five, the ALJ evaluated Cumbie's RFC, age, education, and work experience, as well as testimony from a vocational expert (VE) regarding the availability

4

in significant numbers of other work Cumbie could perform in the national economy.

Upon consideration of this evidence, the ALJ determined Cumbie possessed the RFC to

perform jobs that exist in significant numbers in the national economy.  (Tr. 23).

Consequently, the ALJ found Cumbie was not disabled within the meaning of the Act.

Id.

>   **B.     Cumbie's Claims**

Cumbie's claims are stated in his brief as follows:  (1) Did the ALJ commit error

in determining Plaintiff's RFC;  (2) Did the ALJ fail to properly apply the pain standard;

(3) Did the ALJ failed to pose a complete hypothetical question to the vocational expert;

and (4) Did the ALJ err in failing to recontact Plaintiff's treating medical provider as

required by 20 C.F.R. § 404.1512(e)?

## IV.   DISCUSSION

>   **A.     Whether the ALJ committed error in determining Cumbie's RFC.**

Cumbie argues the ALJ erred in determining Cumbie's RFC.  Specifically, Cumbie

argues the ALJ failed to apply properly the treating physician's rule by rejecting the

conclusions of Dr. Moore, Cumbie's treating physician.  The Commissioner argues the

ALJ properly disregarded Dr. Moore's conclusions as they were not supported by

objective medical evidence.

"The law of this circuit is clear that the testimony of a treating physician must be

given substantial or considerable weight unless 'good cause' is shown to the contrary."

Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  "Good cause" may exist

where:  (1) "the [treating physician's] opinion was not bolstered by the evidence;"  (2)

"the evidence supported a contrary finding;", or (3) "the [treating physician's] opinions

was conclusory or inconsistent with their own medical records."  Id.  The ALJ must

clearly articulate, however, the reasons for giving less weight to the opinion of a treating

physician, and the failure to do so constitutes reversible error.  Id.

> Cumbie argues:
>
> [w]ithout the countervailing opinion of another treating/examining
> physician in the record, and without a more substantial and detailed analysis
> of the medical evidence of record which the ALJ asserted was inconsistent
> with a treating physician's opinion, there is not substantial evidence in the
> record to support the ALJ's decision to reject the treating physician's
> uncontroverted medical opinion.

(Doc. # 11 at 3).  The findings by Dr. Moore at issue are from his 3 March 2003 report.

(Tr. 123-24).  In the report, Dr. Moore indicated Cumbie suffered from severe

degenerative disk disease of lumbar spine with radiculopathy, which could reasonably be

expected to produce pain and which would preclude full-time work.  Id.  Cumbie also

argues the ALJ improperly relied on the report of a consulting, examining physician, as

"good cause" for not according controlling weight to Dr. Moore's 3 March 2003 report.

Here, the ALJ did not simply rely on the report of an examining physician to reject

the opinion of Dr. Moore.  Rather, the ALJ discounted the opinion of Dr. Moore because

the ALJ found the conclusions of Dr. Moore, as stated in his 3 March 2003 report, were

inconsistent with his own treatment notes.  (Tr. 19).  Such inconsistencies may provide

6

"good cause" for not according controlling weight.  Crawford v. Comm'r. of Soc. Sec., 363 F.3d 1155, 1159-60 (11th Cir. 2004) (treating physician's opinion rejected where finding of permanent disability was inconsistent with his own treatment notes, unsupported by the medical evidence, and appeared to be based primarily on claimant's subjective complaints of pain).

The ALJ also rejected Dr. Moore's 3 March 2003 report, because the report was not consistent with Cumbie's other medical records.  As the ALJ noted, while some of Dr. Moore's notes and the notes of other physicians documented a "moderate" impairment, none documented the severity described by Dr. Moore's 3 March 2003 report, which stated that Cumbie had suffered from the severe impairment since 2001.

Therefore, the ALJ clearly articulated "good cause" for rejecting Dr. Moore's opinion in the 3 March 2003 report.  Accordingly, properly determined Cumbie's physical functional capacity and the record supports the ALJ's decision.

**B.      *Whether the ALJ failed to apply properly the pain standard.***

Before an ALJ can consider the subjective pain testimony of a claimant, the claimant must satisfy two parts of a three-part test.  First, the claimant must show "evidence of an underlying medical condition, and [second] either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain."  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir.

1995).

Cumbie argues he met the three-part test by establishing the underlying medical conditions of degenerative lumbar disk disease, a lumbar disk herniation and/or a lumbar disk bulge, and these conditions can reasonably be expected to produce the claimed pain (part 2 of the test).   Cumbie did establish the first prong of the test, as the ALJ determined Cumbie suffered from a degenerative disk disease impairment.  (Tr. 17). However, the Commissioner argues "while degenerative lumbar disk disease, lumbar disk herniation, and/or lumbar disk bulge may produce pain in some individuals, it is not reasonable to assume from the objective medical evidence presented in this case that they produced the type of disabling pain **alleged** by Plaintiff (Tr. 20)."  (Doc. #13 at 7).

The question is not whether degenerative disk disease can reasonably be expected to produce debilitating pain, but whether Cumbie can show the degenerative disc disease impairment from which he suffers, *is of a severity* that can reasonably be expected to give rise to the alleged pain.  After reviewing the record as a whole, the ALJ found Cumbie did not have "medical impainrments which could reasonably be expected to give rise to pain symptomatology to the extent alleged."  (Tr. 20).  The ALJ reasoned "the record, in its entirety, does not contain objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged by the claimant."  Id.  Thus, the ALJ correctly applied the three part test and determined Cumbie's objectively determined medical condition was not of a severity that could

8

reasonably be expected to give rise to the alleged pain.

>    **C.    *Whether the ALJ failed to pose a complete hypothetical question to the VE.***

Cumbie argues the ALJ failed to pose a hypothetical question to the VE, which comprised all of Cumbie's impairments or restrictions. Cumbie specifically argues the ALJ failed to include those impairments or restrictions enumerated by Dr. Moore.

Once the ALJ found Cumbie could no longer perform past relevant work, the ALJ was required to determine whether Cumbie could perform other jobs within the national economy. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). The ALJ may make that determination through the aide of a VE. Id. at 1229. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments," id., "[b]ut the hypothetical need only include limitations supported by the record." Lanier v. Comm'r of Soc. Sec., 252 F. App'x. 311, 315 (11th Cir. 2007) (citing Jones, 190 F. 3d at 1229); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).

As stated *supra*, the ALJ did not find the conclusions of Dr. Moore credible. Therefore, the ALJ was not required to pose a hypothetical which included all of the limitations and restrictions listed by Dr. Moore. At the hearing, the ALJ asked the VE four hypothetical questions. In the first hypothetical, the ALJ asked the VE to assume the ALJ found **all** of Cumbie's testimony credible. (Tr. 228). In the second hypothetical, the ALJ asked the VE to consider several exertional and nonexertional limitations. (Tr. 228-

9

29).  In the third hypothetical, the ALJ added a sedentary RFC with a stand/sit option.
(Tr. 230).  In the fourth hypothetical, the ALJ asked the VE to add in the factor of an
individual who experienced moderately severe pain approximately four-hours a day.  (Tr.
231).  "[These] hypothetical question[s] included all of [Cumbie's] credible limitations;[4]
and [Cumbie's] additional claimed impairments that were not supported by objective
medical evidence did not need to be included in the hypothetical."  Lanier, 252 F. App'x.
at 315.  Thus, the ALJ did pose a complete hypothetical to the VE.

### D.     Whether the ALJ erred in failing to recontact Plaintiff's treating medical provider as required by 20 C.F.R. § 404.1512(e).

Cumbie argues the ALJ was required by 20 C.F.R. § 404.1512(e) to recontact Dr.
Moore if the ALJ felt the evidence received from Dr. Moore was inadequate to make a
disability determination.  "A hearing before an ALJ is not an adversarial proceeding" and
"the ALJ has a basic obligation to develop a full and fair record."  Graham v. Apfel, 129
F.3d 1420, 1422 (11th Cir. 1997).   "This duty requires the ALJ to scrupulously and
conscientiously probe into, inquire of, and explore for all the relevant facts."  Cowart v.
Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (internal quotations omitted).

Consistent with that duty, medical sources should be recontacted by the ALJ when
the evidence received from that source is inadequate to determine whether the claimant is
disabled.  20 C.F.R. §§ 404.1512(e), 416.912(e).   "Social Security Ruling 96-5p requires

---

[4] And in the case of the first hypothetical, all of Cumbie's claimed limitations.

the ALJ to make 'every reasonable effort' to recontact the medical source for clarification of the reasons for the opinion if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record." <u>Couch v. Astrue</u>, 2008 WL 540178, *2 (11th Cir. Feb. 29, 2008).

Here, the ALJ had no duty to recontact Dr. Moore. Other substantial evidence in the record, including the objective medial evidence by the other examining and treating physicians and Dr. Moore's own treatment notes, supported the ALJ's determination that Cumbie was not disabled. <u>See id.</u> Additionally, the ALJ disregarded Dr. Moore's conclusions, not because the information he had received from Dr. Moore was inadequate, but because the conclusions were inconsistent with Dr. Moore's own treatment notes and were not supported by objective medical evidence. <u>See</u> *supra*. Therefore, the ALJ acted consistent with § 404.1512(e), as there was no need for additional information or clarification.

## V.   CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS the Court AFFIRM the Commissioner's decision. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 28 May 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous,

conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982);  see Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982); see also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 15th day of May, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE